IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KAREN A. HOULIHAN,
    Plaintiff

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant

CIVIL ACTION NO. 3:CV-10-641

(Judge Nealon)

(Magistrate Judge Carlson)

FILED
SCRANTON
JAN 1 1 2011
PER_____
    DEPUTY CLERK

## MEMORANDUM and ORDER

On March 23, 2010, Plaintiff, Karen A. Houlihan, filed a complaint seeking review of the Commissioner of Social Security Administration's partially favorable decision regarding her supplemental security income benefits. (Doc. 1). A Report was issued by United States Magistrate Judge Martin C. Carlson on December 1, 2010, recommending that the complaint be dismissed for failure to state a claim. (Doc. 17). Objections to the Report and Recommendation ("R&R") were due on or before December 20, 2010, but no objections have been filed. After considering the review and reasoning of the Magistrate Judge, the R&R will be adopted.

## Discussion

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa.

1

1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of Plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).

Upon review of the present appeal, it is concluded that the Magistrate Judge has not erred in recommending that the complaint be dismissed. (Doc. 17). Plaintiff applied for SSI on August 24, 2006 and alleged a disability onset date of April 1, 2006. (Doc. 17, pg. 10; TR. 81). The Magistrate Judge determined that there is substantial evidence supporting the ALJ's partially favorable decision that Plaintiff be awarded benefits for a fixed period of time from April 2006 through August 2007. (Doc. 17, pg. 2). The Magistrate Judge reviewed the ALJ's discussion of the five-step sequential evaluation process.[1] (Doc. 17, pgs. 12-23). At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity from April 1, 2006 through August 30, 2007. (Doc. 17, pg. 3; TR. 13). At step two, the ALJ determined that, from April 1, 2006 through August 30, 2007, Plaintiff suffered from the severe impairments of

---

[1] The steps in the process are as follows:

(1) Is the individual engaging in substantial gainful activity?
(2) Does the individual have a severe impairment?
(3) Does the individual have an impairment which meets or equals the listing of impairments as set forth in 20 C.F.R. part 404, subpart P, appendix 1?
(4) Does the individual retain the residual functional capacity ("RFC") to engage in her past relevant work? and
(5) If an individual does not have the capacity to engage in his/her past work, does she retain the capacity to perform jobs which exist in significant numbers in the national economy?

See Social Security Ruling 86-8; 20 C.F.R. § 404.1520.

2

Hepatitis C with Antiviral Therapy and Left Ulnar Neuropathy at the elbow. (TR. 13). Further, the ALJ found that since August 31, 2007, Plaintiff continued to suffer from these severe impairments and the severe impairment of Cervical Radiculopathy. (TR. 13). The ALJ then determined that Plaintiff's impairments did not meet or equal any of the listing requirements. (TR. 15). At steps four and five, the ALJ found that Plaintiff has no past relevant work experience but retains the residual functional capacity to perform a range of light work with certain restrictions. (Doc. 17, pg. 22; TR. 15-16). Thus, Plaintiff was found to be disabled from April 1, 2006 through August 30, 2007, but she was found to be not disabled at any time after August 30, 2007. (Doc. 17, pg. 21; TR. 17-22).

Having received no objections, the Report and Recommendation will be adopted. An appropriate order follows.

Date: January 11, 2011

United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREN A. HOULIHAN,<br>Plaintiff | : | CIVIL ACTION NO. 3:CV-10-641 |
| v. | : | |
| | : | (Judge Nealon) |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br>Defendant | : | (Magistrate Judge Carlson) |

## ORDER

AND NOW, this 11th day of January 2011, **IT IS HEREBY ORDERED THAT**:

1. The Magistrate Judge's Report and Recommendation (Doc. 17) is **ADOPTED**.

2. Plaintiff's appeal is **DENIED**.

3. The Clerk of Court is directed to **CLOSE** this case.

_____
**United States District Judge**